IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| A.L.B., : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br>     Defendant. : | Case No: 3:24-cv-70-AGH <br> Social Security Appeal |

### ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). For the reasons explained below, the Commissioner's decision is affirmed.

### LEGAL STANDARDS

**I.     Standard of Review**

The Court's review of the Commissioner's decision is limited to a determination

of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal citation and quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

## II. Plaintiff's Burden

The claimant bears the initial burden of proving she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). The claimant's

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

"burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

### III. Disability Standard

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id*. § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id*. § 404.1520(a)(4)(ii). A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id*. § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id*. § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether

3

the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on June 15, 2021, alleging that she became disabled to work on July 7, 2020. Tr. 15.[3] Her claim was denied initially on December 14, 2021, and upon reconsideration on September 21, 2022. *Id.* She timely requested an evidentiary hearing before an ALJ on October 20, 2022, and one was held on July 6, 2023. *Id.* Plaintiff appeared with her attorney and testified, as did an impartial vocational expert ("VE"). Tr. 15, 143-64. On September 22, 2023, the ALJ issued an unfavorable decision denying her claim. Tr. 15-28. Plaintiff sought review by the Appeals Council but was denied on May 16, 2024. Tr. 1-8. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her

---

[3] The Court cites to the record using the Commissioner's Bates-stamped page numbers at the bottom right of each page as opposed to the Court's CM/ECF number at the top right of the page.

application. Her case is ripe for review. 42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

On the alleged disability-onset date, Plaintiff was fifty years old and defined as an individual closely approaching advanced age under the Commissioner's regulations. Finding 6, Tr. 26-27; 20 C.F.R. § 404.1563(d). She has at least a high school education and past relevant work as an assembler, small products I (DOT #706.684-022). Finding 6, Tr. 26-27. In conducting the five-step sequential analysis used by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of major depression disorder and anxiety disorder. Finding 3, Tr. 17-20. The ALJ next found, at step three, that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 20-22. Between steps three and four, the ALJ determined that Plaintiff retains the RFC to perform a full range of work at all exertional levels but with non-exertional limitations limiting Plaintiff to "simple, routine and repetitive tasks and simple, work related decisions" along with "simple, workplace changes" and only "occasional interaction with [] supervisors, co-workers, and the public." Finding 5, Tr. 22-26. At step four, the ALJ found this RFC did not inhibit Plaintiff from resuming her past relevant work as an assembler, small products I. Finding 6, Tr. 26. As an alternative step-five finding, the ALJ elicited testimony from the VE that there are jobs existing in significant numbers in the national economy that Plaintiff can perform based on her age, education, work

experience, and RFC, including a garment sorter, marker, and linen room attendant. Finding 6, Tr. 26-27, 161-62. The ALJ, therefore, found Plaintiff to be not disabled to work. Finding 7, Tr. 27-28.

## DISCUSSION

Plaintiff argues that the ALJ erred in evaluating Plaintiff's fibromyalgia at steps two and four of the sequential evaluation. Pl.'s Br. 7, ECF No. 7. Specifically, she argues that the ALJ "erred in finding Plaintiff's fibromyalgia non-severe at step two and subsequently finding no physical limitation at step four in the RFC." *Id.* at 9. The Court disagrees that the ALJ erred in his evaluation of Plaintiff's fibromyalgia and affirms the Commissioner's decision.

**I.   The ALJ committed no harmful error in finding Plaintiff's fibromyalgia to be non-severe.**

Plaintiff argues that the ALJ erred at step two by relying on a lack of objective evidence to determine that Plaintiff's fibromyalgia was non-severe and by failing to apply the analysis set forth in SSR 12-2p, 77 Fed. Reg. 43640 (July 25, 2012). *Id.* at 9-10.

Initially, the Court notes that Plaintiff's argument regarding SSR 12-2p is misplaced. Plaintiff contends the ALJ erred by failing to apply one of the two criteria discussed in SSR 12-2p for diagnosing fibromyalgia. Pl.'s Br. 10. However, those criteria are used for determining whether fibromyalgia constitutes a medically determinable impairment, not its severity. SSR 12-2p, 77 Fed. Reg. at 43641-43; *see Mottershaw v. Saul*, No. 19-cv-3297, 2021 WL 11555157, at *11 (C.D. Ill. Feb. 1, 2021) ("The criteria are not used to determine the severity of the impairment or the effect

of the impairment on the person's functional capacity to work."); *Truran v. Comm'r of Soc. Sec.*, No. 2:16-cv-10862, 2017 WL 4925604, at *5 (E.D. Mich. June 27, 2017) (noting that the criteria set forth in SSR 12-2p "are intended to ascertain whether the claimant's impairment is *medically determinable*, not whether it is *severe*"), *recommendation adopted by* 2017 WL 3613970 (E.D. Mich. Aug. 23, 2017). Here, the ALJ determined fibromyalgia was a medically determinable impairment, so it was unnecessary for him to discuss the criteria. Tr. 20.

Moreover, even if the ALJ erred by failing to find fibromyalgia to be a severe impairment, it is harmless because the ALJ found that Plaintiff had the severe impairments of major depression disorder and anxiety disorder at step two and then proceeded to the next step of the five-step process. Tr. 17; *see Lopez v. Comm'r of Soc. Sec.*, No. 23-11510, 2023 WL 8814411, at *4 (11th Cir. Dec. 20, 2023) (noting that the Eleventh Circuit had "described step two as a 'filter' requiring the denial of any disability claim where no severe impairment, or combination of impairments, is present" and that a failure to find an impairment as severe is harmless where there has been "any finding of a severe impairment" (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987))); *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) (finding that even if the ALJ erred in not finding plaintiff's psychotic disorder to be severe, it was harmless because the ALJ found two other severe impairments); *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (finding that any error in failing to find additional severe impairment was harmless because the ALJ "satisfied" the "threshold inquiry at step two" by finding

"at least one severe impairment").

Plaintiff argues that the harmless error analysis is inapplicable because the ALJ did not find any severe *physical* impairments at step two. Pl.'s Br. 12. However, she cites no authority to support this contention, and the case law indicates there is no such distinction. *See Julie S. v. O'Malley*, No. 21 C 4816, 2024 WL 1092683, at *11 (N.D. Ill. Mar. 13, 2024) (rejecting plaintiff's argument that the ALJ erred at step two by failing to find any severe physical impairment where the ALJ found severe impairments of depression, anxiety, and post-traumatic stress disorder); *K.P. v. Comm'r of Soc. Sec.*, No. 20-2831 (RMB), 2021 WL 3130879, at *4 n.1 (D.N.J. July 23, 2021) (finding that the ALJ's failure to find degenerative disc disease with radiculopathy and sciatica to be severe impairments was harmless error where the ALJ found, at step two, that the plaintiff had severe mental impairments); *Aguilera v. Comm'r of Soc. Sec.*, No. 17-13214, 2019 WL 2030327, at *1, 7 (E.D. Mich. Feb. 18, 2019) (rejecting the plaintiff's argument that the ALJ's failure to find any severe physical impairments was harmful error where the ALJ found severe impairments of affective disorders and anxiety disorder), *recommendation adopted by* 2019 WL 1349612 (E.D. Mich. Mar. 26, 2019); *Janssen ex rel. Janssen v. Berryhill*, No. 16-3338 (FLN), 2018 WL 1440335, at *3, 6 (D. Minn. Mar. 22, 2018) (finding that even if the ALJ erred at step two in finding that the plaintiff's physical impairments were non-severe, it was harmless in light of the ALJ's finding that the plaintiff had severe impairments of major depressive disorder and post-traumatic stress disorder).

Plaintiff also argues that the ALJ's failure to analyze fibromyalgia under

SSR 12-2p criteria—and find it to be a severe impairment—was harmful because "this finding will influence the rest of the decision." Pl.'s Br. 12. In support of this rather vague argument, Plaintiff cites *Butler-Ferguson v. Commissioner of Social Security*, No. 3:22-cv-1378-DNF, 2023 WL 8615166 (M.D. Fla. Dec. 13, 2023). *Id.* at 12-13. However, in that case, the ALJ failed to find fibromyalgia to be a medically determinable impairment, not just a non-severe one. *Butler-Ferguson*, 2023 WL 8615166, at *4. The finding or not finding of a medically determinable impairment is significant because, as other courts have noted, only medically determinable impairments—whether severe or non-severe—are considered when assessing a claimant's RFC. *See Saterlee v. Astrue*, 450 F. App'x 753, 756 (10th Cir. 2011) ("Having (erroneously) found, as a threshold matter, that no medically determinable hand impairment existed, the ALJ had no occasion to determine any associated functional limitation, as only medically determinable impairments are considered in the analysis of RFC." (first citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); and then citing 42 U.S.C. § 423(d)(1)(A), (3))). The district court in *Butler-Ferguson* specifically noted that because the ALJ did not find fibromyalgia to be a medically determinable impairment, he may not have considered fibromyalgia when conducting the subjective complaint analysis required when determining a claimant's functional limitations. *Butler-Ferguson*, 2023 WL 8615166, at *5. Such is not the case here. The ALJ found that Plaintiff's fibromyalgia was a medically determinable impairment and specifically included it in his discussion of Plaintiff's functional limitations. Tr. 22-26. Thus, the ALJ committed no error in his step-two analysis.

9

## II. The ALJ properly considered Plaintiff's fibromyalgia in determining her RFC

Plaintiff argues that the ALJ erred by not assessing Plaintiff's fibromyalgia separately from her other physical impairments; she contends he "simply lumped it together with her other impairments." Pl.'s Br.13. In support, she cites another district court case, *Floystad v. Kijakazi*, No. 8:22-cv-236-CPT, 2023 WL 2706739 (M.D. Fla. Mar. 30, 2023). *Id.* Again, however, that case is distinguishable.

In *Floystad*, the ALJ failed to list fibromyalgia as a medically determinable impairment at step two. 2023 WL 2706739, at *3. Then, although the ALJ acknowledged the plaintiff's fibromyalgia in his step-four discussion, he appeared to discount its limiting effects—along with those of plaintiff's other physical impairments—solely or primarily due to a lack of objective evidence, contrary to the Eleventh Circuit's observation that "the 'hallmark' of fibromyalgia is a 'lack of objective evidence.'" *Id.* at 5-7 (quoting *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010)). Such is not the case here where the ALJ found fibromyalgia to be a medically determinable impairment and did not rely solely or unduly on a lack of objective medical evidence. Instead, the record shows that the ALJ properly analyzed Plaintiff's subjective pain complaints pursuant to SSR 12-2p when determining Plaintiff's RFC.

Under SSR 12-2p, an ALJ is required to follow the two-step process for evaluating a claimant's statements about her symptoms and limitations set forth in 20 CFR § 404.1529(b) and SSR 16-3p, 82 Fed. Reg. 49462 (Oct. 25, 2017).[4] SSR 12-

---

[4] SSR 12-2p actually cites SSR 96-7, but that guidance was superseded by SSR 16-3p, which applies

10

2p, 77 Fed Reg. at 43643 and n.17. In step one, the ALJ must determine whether the claimant has a medically determinable impairment of fibromyalgia. *Id.* Fibromyalgia which an ALJ determines to be a medically determinable impairment "satisfies the first step of [the] two-step process for evaluating symptoms." *Id.* At the second step, the ALJ evaluates the intensity and persistence of the claimant's pain and other symptoms and "determine[s] the extent to which the symptoms limit the person's capacity for work." *Id.* "If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the ALJ will "consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." *Id.*

Here, the ALJ specifically referenced the two-step process in his decision.[5] Tr. 22. At the first step, he found that Plaintiff's fibromyalgia was a medically determinable impairment, so that is not at issue. Tr. 20. Then, at the second step, the ALJ concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 23. The ALJ supported

---

to decisions after March 28, 2016. SSR 16-3p, 82 Fed Reg. at 49462-63.

[5] Although the ALJ did not specifically cite Ruling 12-2p, he did cite SSR 16-3p and 20 CFR § 404.1529. Tr.22. "Because SSR 12-2p adopts the requirements of §§ 404.1529 . . . for evaluating complaints of fibromyalgia, any error by the ALJ in failing to expressly cite or reference SSR 12-2p is harmless." *Ward v. Saul*, No. 2:19-01039-N, 2021 WL 1206605, at *8 n.15 (S.D. Ala. Mar. 30, 2021) (citing *Sorter v. Soc. Sec. Admin. Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019)).

11

this finding with citations to the record. This included objective evidence: for example, a June 2021 evaluation—for fibromyalgia—where it was noted that Plaintiff "did not appear uncomfortable," had a "normal gait and stance," a normal cervical, lumbar/lumbosacral, and thoracic spine with "no diffuse muscle tenderness," "no shoulder weakness," "full range of motion of [the] cervical spine," and a normal neurological examination. Tr. 19, 25-26, 617. The ALJ also noted an August 9, 2021, office visit at Northside Orthopedic Institute where Plaintiff was found to have "well-maintained flexion, abduction, internal rotation and external rotation" and strength of "4+/5." Tr. 19, 898. An August 18, 2021, visit showed a "normal gait," "full and equal range of motion for forward flexion, external rotation, and internal rotation bilaterally," and "5/5" strength. Tr. 19, 26, 895.

Contrary to Plaintiff's suggestion, the ALJ did not rely solely or unduly on a lack of objective medical evidence. Notably, the ALJ cited findings by state agency medical consultants, Dr. S. Omonuwa and Dr. Allison Trowbridge, who concluded that Plaintiff's fibromyalgia was non-severe. Tr. 25, 168, 178. Dr. Trowbridge specifically noted that "there is no evidence to indicate a physical condition or conditions that have more than a mild impact on functioning." Tr. 178.

In addition, the ALJ cited Plaintiff's own statements that were inconsistent with the claimed limitations arising from her impairments, including fibromyalgia. For example, the ALJ cited a November 5, 2021, visit with her primary care provider where Plaintiff reported feeling well with minor complaints. Tr. 24, 926. Then in February 2022, she again reported feeling well with no complaints. Tr. 24, 922.

Similarly, although not specifically cited by the ALJ, there were numerous other visits over the course of her medical history where the review of symptoms reported the Plaintiff feeling well, not feeling fatigue, and having no joint or muscle pain.  Tr. 49, 53, 61, 86, 91, 565, 579, 813, 823, 830, 835, 841, 845, 848, 855, 860, 869, 874, 882, 903, 927, 1060.  While there were certainly some visits where the Plaintiff reported symptoms consistent with fibromyalgia, and "the symptoms of FM can wax and wane so that a person may have 'bad days and good days,'" SSR 12-2p, 77 Fed. Reg. at 43644, the longitudinal evidence overall is inconsistent with the disabling symptoms Plaintiff claims.

In summary, the ALJ properly assessed Plaintiff's fibromyalgia when formulating her RFC, and his decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

**SO ORDERED**, this 21st day of August, 2025.

                                            s/ *Amelia G. Helmick*
                                       UNITED STATES MAGISTRATE JUDGE